IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK A. SKRBIN,                    )
                                   )
              Plaintiff,           )
                                   )
       v.                          )
                                   )        Civil Action No. 15-803
CAROLYN W. COLVIN,                 )
ACTING COMMISSIONER OF             )
SOCIAL SECURITY,                   )
                                   )
              Defendant.           )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 26th day of September, 2016, upon consideration of the parties' cross-

motions for summary judgment pursuant to plaintiff's request for review of the decision of the

Acting Commissioner of Social Security ("Acting Commissioner") denying his applications for

disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and

XVI, respectively, of the Social Security Act, IT IS ORDERED that the Acting Commissioner's

motion for summary judgment (Document No. 13) be, and the same hereby is, granted and

plaintiff's motion for summary judgment (Document No. 11) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of

the facts and evidence of record and may reject or discount any evidence if the ALJ explains the

reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's

findings of fact are supported by substantial evidence, a reviewing court is bound by those findings,

even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34,

38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the

presence of impairments, but by the effect that those impairments have upon an individual's ability

to perform substantial gainful activity. <u>Jones v. Sullivan</u>, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his applications for DIB and SSI on June 25, 2010, alleging disability beginning on June 17, 2009, due to diabetes and neuropathy. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on February 21, 2012, and denied plaintiff's claim on March 8, 2012. The Appeals Council subsequently reviewed plaintiff's case and remanded it back to the ALJ for further proceedings.

On October 9, 2013, the ALJ held a second hearing, at which plaintiff appeared and testified while represented by counsel. On November 27, 2013, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on April 21, 2015, making the ALJ's decision the final decision of the Acting Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 43 years old on the alleged onset date of disability, and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has past relevant work experience as a service manager and a parts and service worker, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ first found that plaintiff suffers from the severe impairments of diabetes, neuropathy and depressive disorder; however, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R.,

AO 72
(Rev. 8/82)

Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ next found that plaintiff retains the residual functional capacity to perform sedentary work with a number of additional limitations. Plaintiff must alternate between sitting and standing such that he is seated for no more than three hours at a time and is upright (either standing or walking) for no more than one hour. In addition, plaintiff is precluded from climbing steps or ramps and must avoid exposure to hazards in the work place. Finally, plaintiff is restricted to unskilled, entry-level work (collectively, the "RFC Finding").

The ALJ concluded that plaintiff is unable to perform his past relevant work because it exceeds his residual functional capacity. However, based upon testimony by a vocational expert, the ALJ determined that plaintiff is capable of performing other work that exists in significant numbers in the national economy, such as a telephone survey worker, telephone order clerk or document preparer. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Social Security Regulations specify a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not,

whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity.[1]  20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).  If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ's step 5 finding is not supported by substantial evidence for the following reasons: (1) the ALJ failed to properly weigh the opinion of his treating physician; and (2) the ALJ did not properly evaluate plaintiff's credibility.  After reviewing the record, we conclude that plaintiff's arguments are without merit.

Plaintiff first argues that the ALJ failed to properly weigh the opinion of his treating physician, Dr. John Naumovski.  Dr. Naumovski indicated on an Employability Assessment Form for the Pennsylvania Department of Public Welfare that plaintiff was temporarily disabled for less than 12 months. (R. 598).  Dr. Naumovski also signed a Physical Capacity Evaluation form indicating that plaintiff could only stand/walk one hour and sit three hours per eight-hour work day, that he often requires additional breaks in excess of the norm, and he would experience approximately 30 bad days per months such that he would not be able to complete a full work day.[2] (R. 736).  The ALJ gave little weight to both Dr. Naumovski's opinion of temporarily disability and the assessment of plaintiff's physical capabilities on the form that he signed. (R. 21).

---

[1]Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments.  20 C.F.R. §§404.1545(a)(1), 916.945(a)(1).  In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work.  20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

[2]This form apparently was prepared by someone on plaintiff's behalf and then presented to Dr. Naumovski for his signature.  The form states, "Your patient told us that their functioning is affected in the following manner by their medical conditions.  If you agree that their description is medically reasonable and consistent with their reports to you, please sign this form." (R. 736).

AO 72
(Rev. 8/82)

A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §§404.1527(c)(2), 416.927(c)(2). Under this standard, the ALJ properly analyzed and weighed Dr. Naumovski's opinion.

As an initial matter, although plaintiff does not appear to challenge the ALJ's weighing of Dr. Naumovski's opinion of temporary disability set forth on the state welfare form, we note that the ALJ was not bound to accept that opinion. Whether plaintiff was considered to be disabled for purposes of receiving state welfare benefits is irrelevant because another agency's determination regarding disability is not binding on the Acting Commissioner. See 20 C.F.R. §§404.1504, 416.904. Thus, Dr. Naumovski's conclusory opinion of temporary disability on the state welfare form was in no way dispositive of the ALJ's analysis in this case.

Likewise, the ALJ correctly determined that the assessment of plaintiff's physical capabilities set forth on the Physical Capacity Evaluation form which Dr. Naumovski signed was not supported by the objective medical evidence of record. In making that finding, the ALJ cited a litany of evidence by reference to the exhibits in the record. (R. 21). Plaintiff critiques the ALJ's analysis, claiming that it was not sufficiently specific. To the contrary, there is no particular language or format that an ALJ must use in her analysis as long as there is "sufficient development of the record and explanation of findings to permit meaningful judicial review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004). Here, the ALJ's decision makes clear to this court that she gave little weight to Dr. Naumovski's opinion because it was not well supported, nor was it consistent with the medical evidence. See 20 C.F.R. §§404.1527(c)(3)-(c)(4), 416.927(c)(3)-(c)(4) (supportability and consistency are appropriate factors to consider in evaluating medical opinion evidence). Moreover, we note that Dr. Naumovski simply adopted an assessment completed by

someone else on plaintiff's behalf without citing or discussing any objective findings to support the limitations he endorsed. For these reasons, the court finds no error in the ALJ's consideration and weighing of Dr. Naumovski's opinion.

Plaintiff also challenges the ALJ's evaluation of his credibility, primarily contending that the ALJ failed to consider his work history as part of that evaluation. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §§404.1529(c), 416.929; Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Soc. Sec., 181 F.3d 429, 433 (3d Cir. 1999). Contrary to plaintiff's contention, the ALJ thoroughly evaluated plaintiff's credibility consistent with these requirements.

As required by the Regulations, the ALJ's credibility determination included consideration of the relevant evidence in the record, including plaintiff's own statements about his symptoms and limitations, his activities of daily living, the medical evidence of record, the extent of plaintiff's treatment and the opinions of physicians who treated and examined him. See 20 C.F.R. §§404.1529(c)(1) and (c)(3), 416.929(c)(1) and (c)(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ concluded that the objective evidence is inconsistent with plaintiff's allegation of total disabling limitations, and thus determined that plaintiff's testimony regarding his pain and limitations was not entirely credible. (R. 18). This court finds that the ALJ adequately explained the basis for her credibility determination, (R. 18-21), and is satisfied that such determination is supported by substantial evidence.

AO 72
(Rev. 8/82)

As stated, plaintiff primarily challenges the ALJ's credibility evaluation by arguing that the ALJ should have considered his 26-year work history as part of the analysis. While it is true that the testimony of a claimant with a long work history may be given substantial credibility concerning his claimed limitations, see Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979), work history is only one of many factors an ALJ may consider in evaluating a claimant's credibility. 20 C.F.R. §§404.1529(c)(3), 416.929(c)(3). Indeed, a claimant's work history alone is not dispositive of the question of his credibility, and an ALJ is not required to equate a long work history with enhanced credibility. See Christl v. Astrue, 2008 WL 4425817, *12 (W.D.Pa. Sept. 30, 2008). Plaintiff recognizes as much in his summary judgment brief. See Document No. 12 at 19.

Here, the ALJ's decision indicates that she was aware of plaintiff's work history. The ALJ referred to the fact that plaintiff collected unemployment compensation benefits and cited as an exhibit a report documenting his yearly wages from 1982-2009 (R. 20, 213-215). The ALJ also referenced plaintiff's past relevant work in making the finding that he could not perform it because of his functional limitations. (R. 22). Although the ALJ did not specifically note that plaintiff had a lengthy work history, it is clear from her decision that she considered the record as a whole in assessing plaintiff's credibility, including detailed consideration of the factors discussed above. (R. 18-21). A long work history in and of itself is insufficient to overcome the substantial evidence supporting the ALJ's credibility determination, thus remand is not warranted.

In conclusion, after carefully and methodically considering the medical evidence in this case, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Acting Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:    Lindsay Fulton Osterhout, Esq.
521 Cedar Way
Suite 200
Oakmont, PA 15139

Christy Wiegand
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219

AO 72
(Rev. 8/82)